*United States v. Abreu*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand twenty-five.

Present:

> DENNY CHIN,
> WILLIAM J. NARDINI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                                  24-1844-cr

MIGUEL ABREU,

> *Defendant-Appellant*.

_____

| | |
|---|---|
| *For Appellee:* | Kingdar Prussien (Nathan Rehn, *on the brief*), Assistant United States Attorneys, *for* Danielle R. Sassoon, Acting United States Attorney for the Southern District of New York, New York, NY. |
| *For Defendant-Appellant*: | Allegra Glashausser, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED IN PART** and the district court's judgment is otherwise **AFFIRMED.**

Defendant-Appellant Miguel Abreu appeals from a judgment of conviction entered on July 1, 2024, in the United States District Court for the Southern District of New York (Nelson S. Román, *District Judge*), following a guilty plea to one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Abreu to time served in prison, followed by two years of supervised release, plus a mandatory $100 special assessment.

In his opening brief on appeal, Abreu argued that one of the special conditions of his supervised release contained in his written judgment—authorizing searches of areas outside his home—should be vacated because it materially differed from the version of the condition that had been orally pronounced by the court at his sentencing hearing. During the pendency of this appeal, however, Abreu violated other terms of his supervised release, leading the district court to revoke his release and sentence him to an additional prison term of six months, followed by a two-year term of supervised release accompanied by a new set of conditions. Abreu concedes that he is no longer subject to the challenged term of supervised release that was imposed in connection with his original sentencing. We agree and therefore dismiss this portion of his appeal as moot.

In his opening brief, Abreu also contended that § 922(g)(1) violates the Second Amendment in light of *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). But after briefing was complete, this Court issued its decision in *Zherka v. Bondi*, 140 F.4th 68 (2d

Cir. 2025), which rejected both facial and as-applied challenges to § 922(g). Abreu has also now conceded, in his motion to waive oral argument of this appeal, that *Zherka* requires this Court to reject his Second Amendment claim. *See Dale v. Barr,* 967 F.3d 133, 142 (2d Cir. 2020) ("It is a longstanding rule of our Circuit that a three-judge panel is bound by a prior panel's decision until it is overruled either by this Court sitting *en banc* or by the Supreme Court."). We agree and therefore affirm the judgment of conviction.

\*     \*     \*

Accordingly, we **DISMISS** Abreu's appeal with respect to his challenge to the condition of supervised release, and otherwise **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe,
Clerk of Court

3